UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
NO.: 5:08CV90-R

**FILED ELECTRONICALLY**

TOMMY BAIRD                                                                                      PLAINTIFF

vs.                                                **NOTICE OF REMOVAL**

DIRECTECH SOUTHWEST, INC.                                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Defendant, JBM, Inc., and the Real Party in Interest, DirecTECH Southwest, Inc., give notice of the removal of this action to the United States District Court for the Western District of Kentucky, Paducah Division, based on the following grounds:

1.      On or about May 9, 2008, the Plaintiff, Tommy Lynn Baird, filed a Complaint in the McCracken Circuit Court styled <u>Tommy Baird v. JBM, Inc., d/b/a Bluegrass Satellite and also d/b/a Direct Tech</u>, Civil Action No. 08-CI-551. In this Complaint, the Plaintiff asserts claims for disability discrimination under the Kentucky Civil Rights Act, KRS 344.010, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Specifically, the Plaintiff alleges that he was a qualified individual with a disability "within the meaning of [KRS] 344.010(4)(a) and (c)," and that his employer discharged him on the basis of that disability in violation of state and federal law. Notably, the Plaintiff's Complaint misidentifies his employer as JBM, Inc., which he alleges "also does business as Direct Tech SW and Bluegrass Satellite." In reality, the Plaintiff was employed by DirecTECH Southwest, Inc., a corporate entity that is affiliated with, but ultimately distinct from, JBM, Inc.[1] Accordingly, DirecTECH Southwest,

---

[1] Though JBM, Inc. did register "Bluegrass Satellite and Security" with the Kentucky Secretary of State as an assumed name of the company, that designation expired as of January 14, 2007 and has not been renewed.

Inc. is the real party in interest defendant to this action and is thus obligated "to respond in its own name after notice of [this] lawsuit or risk losing the right to remove." Hillberry v. Wal-Mart Stores East, L.P., 2005 U.S. Dist. LEXIS 15942 (W.D. Ky. 2005) (a copy of which is attached as Exhibit A); see also Brown v. N.J. Mfrs. Ins. Group, 322 F. Supp.2d 947 (M.D. Tenn. 2004); Iulianelli v. Lionel, L.L.C., 183 F. Supp.2d 962 (E.D. Mich. 2002); Brizendine v. Continental Casualty Co., 773 F. Supp. 313 (N.D. Ala. 1991); Jacobsen v. Holiday Travel, Inc., 110 F.R.D. 424 (E.D. Wis. 1986). DirecTECH Southwest, Inc. obtained notice of the Plaintiff's lawsuit at or about the same time that JBM, Inc. received such notice. Copies of the Civil Summons and the Complaint that were served on JBM, Inc. are attached to this Notice of Removal as Exhibit B. These documents are all the process, pleadings, and orders that have been served upon the Defendant in this action.

2. The Plaintiff's Complaint was served on JBM, Inc. through the company's registered agent for service of process, CT Corporation System, Kentucky Home Life Building, Louisville, KY 40202.[2] CT Corporation received the Plaintiff's Complaint via certified mail on or about May 12, 2008 and thereafter forwarded it to JBM, Inc. As noted above, DirecTECH Southwest, Inc. received notice of the Plaintiff's Complaint at or about that same time.

3. Prior to filing his Complaint, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 21, 2007, alleging that his employer had discharged him "in violation of Title I of the Americans with Disabilities Act of 1990." After an investigation failed to uncover any violation of the statute by DirecTECH Southwest, Inc., the EEOC issued a Dismissal and Notice of Rights to the Plaintiff on February 11, 2008, which advised him of his right to file suit.

---

[2] CT Corporation System is also the registered agent for service of process for DirecTECH Southwest, Inc.

4. Given the circumstances set forth above, the Plaintiff's claims, which have been brought before the McCracken Circuit Court, Civil Action No. 08-CI-551, arise under federal law and could have been originally brought in this Court pursuant to 28 U.S.C. § 1331. Accordingly, this action may be removed by the Defendants pursuant to 28 U.S.C. § 1441.

5. This action may also be removed by the Defendant and Real Party in Interest, DirecTECH Southwest, Inc., pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction because it is a civil action in which the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and is between citizens of different states. Specifically, the removal of this case is supported by the following facts:

    a. On information and belief, the Plaintiff, Tommy Lynn Baird, is a citizen of the Commonwealth of Kentucky.

    b. The Defendant and Real Party in Interest, DirecTECH Southwest, Inc., is, and was at the commencement of this action, incorporated under the laws of the State of Louisiana, with its principal place of business at 3825 E. Mulberry, Suite 10, Fort Collins, CO 80524. DirecTECH Southwest, Inc. is not, and was not at the commencement of this action, a citizen of the Commonwealth of Kentucky.

    c. On information and belief, the amount in controversy in this case exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. Though the Plaintiff's Complaint does not include a specific demand for damages – in accordance with Kentucky CR 8.01(2), which prohibits the inclusion of such a demand – the Plaintiff's Complaint includes significant claims for relief, including compensatory damages for "significant humiliation and embarrassment," lost earnings, and significantly-diminished future lost earnings as well as punitive damages.

6.     Given the circumstances set forth above, this action, which has been filed with the McCracken Circuit Court, Civil Action No. 08-CI-551, constitutes an action which could have been originally brought in this Court pursuant to Part 28 of the United States Code, and may therefore be removed pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, the Defendant and the Real Party in Interest give notice that the entire above-styled action now pending before the McCracken Circuit Court, Civil Action No. 08-CI-551, shall be removed therefrom to this Court.

Respectfully submitted,

/s/ Richard G. Griffith
Richard G. Griffith, Esq.
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY  40507-1801
Ph: (859) 231-3000
Fax: (859) 253-1093
E-mail:  rick.griffith@skofirm.com

ATTORNEYS FOR DEFENDANT and
FOR REAL PARTY IN INTEREST,
DIRECTECH SOUTHWEST, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on May 29, 2008, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and I further certify that a copy of this document was served by United States mail, postage prepaid, on this 29th day of May, 2008 upon:

Craig Housman, Esq.
Housman & Associates
109 South Fourth Street
P.O. Box 1196
Paducah, KY 42002-1196

                                        /s/ Richard G. Griffith
                                        ATTORNEYS FOR DEFENDANT and
                                        FOR REAL PARTY IN INTEREST,
                                        DIRECTECH SOUTHWEST, INC.

990172.880172/3576440.1